UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MOMMY MANAGEMENT CORP.,                          :

              Plaintiff,                          :

      - against -                          :

SHINESTAR SEA-TRANSPORT PTE. LTD.                :
a.k.a. SHINE STAR SEA-TRANSPORT PTE.             :
LTD.,                                            :
                              :

              Defendant.                          :
-------------------------------------------------------------X

07 CV _____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, MOMMY MANAGEMENT CORP. (hereinafter referred to as "Plaintiff" or "MMC"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SHINESTAR SEA-TRANSPORT PTE. LTD. a.k.a. SHINE STAR SEA-TRANSPORT PTE. LTD. (hereinafter referred to as "Defendant" or "SHINESTAR"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was, at all material times, the owners of the M/V "MOMMY DUCKLING" (hereinafter referred to as the "Vessel").

3.     Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Singapore, and was at all material times the charterer of the Vessel.

4.    By charter party dated March 15, 2007, the Plaintiff time chartered the Vessel to the Defendant for the carriage of cargoes via safe ports.

5.    During the course of the charter party contract, certain disputes arose between the parties regarding the Defendant's failure to pay hire and other breaches of the charter party contract.

6.    As a result of Defendant's breaches of the charter party contract, Plaintiff has sustained damages in the total principal amount of **$1,094,724.68** exclusive of interest, arbitration costs and attorney's fees.

7.    The charter party provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

8.    Plaintiff will soon commence arbitration in London pursuant to the charter party and will appoint its arbitrator.

9.    Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

10.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $1,094,724.68 |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | $233,857.22 |
| C. | Estimated attorneys' fees: | $90,000.00 |
| D. | Arbitration costs: | $40,000.00 |
| **Total** | | **$1,458,581.80** |

11.    The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,458,581.80.**

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,458,581.80** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held,

received or transferred in Defendant's name or as may be held, received or transferred for its

benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishees to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any

London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

E.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: July 2, 2007
       New York, NY

The Plaintiff,
MOMMY MANAGEMENT CORP.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )      ss.:    Town of Southport
County of Fairfield   )

1.      My name is Lauren C. Davies.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Tisdale Law Offices, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:       July ___, 2007
             Southport, CT


_____
Lauren C. Davies

5